UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AVA REALTY ITHACA, LLC,

                              Plaintiff,

v.                                                          5:19-CV-123
                                                             (DNH/TWD)
DAVID P. GRIFFIN dba DAVID GRIFFIN MASONRY,

                              Defendant.
_____

APPEARANCES:                                                 OF COUNSEL:

OSBORNE, REED & BURKE, LLP                JEFFREY P. DiPALMA, ESQ.
Attorneys for Plaintiff
45 Exchange Blvd., 4th Floor
Rochester, NY 14614

PINSKY & SKANDALIS, P.C.                      GEORGE SKANDALIS, ESQ.
Attorneys for Defendant
5790 Widewaters Parkway, Suite 250
Syracuse, NY 13214

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## DECISION and ORDER

       Presently before the Court in this indemnification action is Defendant's motion to preclude the New York State Workers' Compensation Board ("WCB") testimony of two witnesses. (Dkt. No. 34.) Plaintiff opposes the motion. (Dkt. No. 35.) Specifically, Defendant seeks an order precluding Plaintiff from offering the testimony of witnesses Jason Fluke ("Fluke") and Steven Stafford ("Stafford") taken during a WCB matter, or from offering the testimony of Fluke or Stafford in affidavit form, in any summary judgment motions that may be filed in this case. (*See generally* Dkt. No. 34.) Defendant bases his motion upon Rules 32(a)(8), 37(c)(1), and 56(c)(2) of

the Federal Rules of Civil Procedure ("FRCP") and Rule 804(b)(1)(B) of the Federal Rules of Evidence ("FRE"). *Id.* For the reasons that follow, the motion is denied.

## I. BACKGROUND

On January 5, 2013, two workers, non-party Patrick Gerard ("Gerard") and Defendant David Griffin ("Griffin"), were injured in a workplace accident underlying this indemnification action at a hotel construction site owned by Plaintiff Ava Realty Ithaca, LLC ("AVA"). (Dkt. No. 34-1 at ¶ 1.[1]) Fluke was the site superintendent for Varish Construction ("Varish"), the general contractor hired by AVA to build the hotel; and Stafford was Vice President of Construction for Aspen General Contractors, the masonry subcontractor hired by Varish to construct the masonry block elevator shaft where Gerard and Griffin were injured. *Id.*

Both Gerard and Griffin filed Workers' Compensation claims related to their injuries, as well as personal injury claims. Fluke and Stafford testified during Gerard's WCB proceedings, however, they were not able to be located when their testimony was sought in the underlying personal injury litigation. *Id.* at ¶ 7. In this action, both Fluke and Stafford were identified as witnesses in Defendant's initial disclosures required by FRCP 26(a)(1) which were dated April 23, 2019. (Dkt. No. 35-3.) Plaintiff did not disclose them as witnesses in its Rule 26 disclosures dated April 29, 2019. (Dkt. No. 34-12.) In this action, wherein AVA seeks indemnification from Griffin for payments it made to settle the personal injury litigation, it appears neither party has attempted to locate Fluke or Stafford in an effort to depose them.

---

[1] Citations to paragraph numbers in the filings refer to the paragraph numbers used by the parties. Citations to page numbers in the filings refer to the pagination CM/ECF automatically generates.

**II.     DISCUSSION**

Defendant argues Plaintiff should be precluded from utilizing the WCB testimony of Fluke and Stafford in any future summary judgment motion in this action because (1) AVA did not disclose those witnesses in their initial disclosures under FRCP 26(a)(1) and therefore AVA should not be permitted to use the testimony pursuant to FRCP 37(c)(1); (2) the testimony is not in admissible form and therefore objectionable under FRCP 56(c)(2); (3) the WCB hearing was not a previous state court action involving the same subject matter between the same parties and therefore the use of that testimony is not permitted under FRCP 32(a)(8); and (4) the testimony would not be permitted under the prior testimony exception to hearsay found in FRE 804(b)(1)(B).  (*See generally* Dkt. No. 34-3.)

Plaintiff counters that the WCB testimony of Fluke and Stafford should not be precluded for purposes of a motion for summary judgment because (1) it is sworn testimony recorded during a judicially supervised adversarial proceeding; (2) Defendant disclosed Fluke and Stafford as witnesses in his Rule 26 disclosures; (3) the rules relating to depositions do not apply since the testimony was provided at a WCB hearing and the continuation of that hearing which was done by telephone deposition; (4) the hearing transcripts are not precluded under FRCP 56(c)(2) since Fluke and Stafford could testify directly at trial; (5) FRCP 32(a)(8) does not apply to the use of hearing transcripts on a motion for summary judgment; and (6) FRE 804(b)(1)(B) does not apply to the subject testimony being considered on a summary judgment motion because that rule applies to the admissibility of evidence at hearings or trials such that material submitted for summary judgment must only be able to be reproduced in admissible form at trial.  (*See generally* Dkt. No. 35-5.)

### A.  Reliability of the Workers' Compensation Board Testimony

Defendant centers arguments around the concept that the WCB testimony of Fluke and Stafford is unreliable because it started as a WCB hearing in the presence of the WCB administrative law judge ("ALJ") but was concluded by telephone deposition at the direction of the ALJ due to running out of time at the WCB proceeding.  (Dkt. No. 34-3 at 6-9.)  Defendant contends the deposition was not conducted according to proper procedures. *Id.*  Fluke's testimony was concluded at the WCB hearing, and Stafford's testimony was started at the WCB hearing and concluded by the telephone deposition.  *Id.* at 5.  Both witnesses were sworn in at the WCB hearing, and at the outset of the telephone deposition Stafford was reminded of the oath taken at the WCB hearing and agreed his testimony at the telephone deposition was under oath.  (Dkt. No. 34-19 at 3.)  The testimony taken at the WCB hearing was certified.  (Dkt. No. 35-1 at 18.)  The certification page of the transcript from the telephone deposition was not provided by either party with their motion papers, however, it was taken before a Registered Professional Reporter and Notary Public (Dkt. No. 35-1 at 19) and therefore the transcript was presumably certified.

Although the parties to the WCB hearing are not all the same as the parties in this matter, and neither witness has reviewed or signed the testimony at issue, this does not negate the reliability of the testimony.  *U.S. Underwriters Insur. Co. v. Liberty Mutual Insur. Co.*, No. 98 CIV. 8168(MBM), 2001 WL 521809, *2, n.1 (S.D.N.Y. May 16, 2001).  Sworn testimony from another proceeding is admissible on a motion for summary judgment because it has "the same evidentiary value and safeguards as affidavits provided for in Rule 56(e)."  *Shulins v. New England Insur. Co.*, 360 F.2d 781, 785 (2d Cir. 1966).  Courts in this Circuit have routinely considered testimony from WCB proceedings on summary judgment motions.  *See, e.g., Trent v. Town of Brookhaven*, 966 F.

4

Supp. 2d 196, 201, 204-5 (E.D.N.Y. 2013); *Blount v. Swiderski*, No. 2:03-cv-0023-ENV-ETB, 2006 WL 3314635, at *1, 3, 8, 17 (E.D.N.Y. Nov. 14, 2006); *Siebert v. Iowa Precision Industries, Inc.*, No. 99 CV 3159(ILG), 2001 WL 1008159, at *3, 6-7 (E.D.N.Y. July 24, 2001); *Rivera v. Monarch Construction Corp.*, No. 94 CIV. 4208 (RWS), 94 CIV. 6623 (RWS), 1995 WL 702455, at *3 (S.D.N.Y. Nov. 29, 1995).

Accordingly, the Court is not persuaded that the prior WCB testimony of Fluke and Stafford may not be properly considered on a motion for summary judgment.

### B.     Disclosure of Witnesses Fluke and Stafford

Turning to Defendant's claim that AVA should be precluded from offering the WCB hearing transcripts of witnesses Fluke and Stafford, or from offering any affidavits from these witnesses in relation to a motion for summary judgment, because Plaintiff did not disclose these witnesses in its Rule 26 disclosures, the Court likewise finds this argument unconvincing.  Both Fluke and Stafford were identified *by Defendant* in his disclosures under Rule 26 of the FRCP, and Defendant noted that their testimony was obtained in the WCB proceeding, but that he was not providing copies of the transcripts.  (Dkt. No. 35-3 at 1.)  Defendant's contention is that because Plaintiff did not identify these witnesses or the intent to use the subject WCB testimony in this matter in its Rule 26 disclosures, Plaintiff violated Rule 37(c)(1) and therefore preclusion of these witnesses' WCB testimony is an appropriate sanction.  (Dkt. No. 34-3 at 1.)  Plaintiff argues that because Defendant disclosed these witnesses and already had possession of their WCB testimony, there was no obligation on Plaintiff to disclose the information.  (Dkt. No. 35-5 at 11.)  Plaintiff further notes that "[e]ven if AVA's failure to reiterate to the defendant that the witnesses that were identified in his disclosure were potential witnesses, could be considered a violation of Rule 26, such failure to

disclose is substantially justified and is harmless, thus does not warrant any sanction under Rule 37." *Id.*

FRCP 37(c)(1) states that:

[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
(B) may inform the jury of the party's failure; and
(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(I)-(vi).

Fed. R. Civ. P. 37.

"The purpose of Rule 37 is to prevent the practice of 'sandbagging' an opposing party with new evidence." *Haas v. Delaware & Hudson Ry. Co.*, 282 F. App'x 84, 86 (2d Cir. 2008); *see also Ebewo v. Martinez*, 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004); *Johnson Electric North America Inc. v. Mabuchi Motor America Corp.*, 77 F. Supp. 2d 446, 458-59 (S.D.N.Y.1999). Assuming without deciding that Plaintiff was obligated to disclose Fluke and Stafford and their WCB testimony under Rule 26(a), the Court finds under Rule 37(c)(1) any failure to disclose the information is harmless.

Where a party fails to disclose discovery information without substantial justification, Rule 37(c)(1) prevents the party from using that evidence on a motion or at trial, unless the failure to disclose is harmless. Courts consider several factors in determining whether a discovery violation mandates preclusion of the evidence: "(1) the party's explanation for failure to comply with the discovery [requirement]; (2) the importance of . . . the precluded [evidence]; (3) the prejudice

suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Softel, Inc. v. Dragon Medical & Scientific Communications, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997). While a showing of "bad faith" is not required for preclusion to be ordered under Rule 37(c), a party's bad faith "can be taken into account" by the Court in considering the party's explanation for its failure to satisfy its discovery obligations. *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006). In determining whether a party's "bad faith" in discovery should dictate a severe sanction, the Court should view the party's conduct in the case as a whole. *See, e.g., Daval Steel Products v. M/V Fakredine*, 951 F.2d 1357, 1366 (2d Cir. 1991) (upholding preclusion of evidence sanction because conduct of defendant's counsel at deposition, combined with defendant's repeated refusal to produce demanded documents "evince[d] a willful frustration" of discovery); *Ashkinazi v. Sapir*, No. 02 Civ. 00002(RCC)(MHD), 2005 WL 937597, at *6 (S.D.N.Y. Apr. 20, 2005) (finding willfulness where defendant had "attempted to impede discovery . . . for much of the unusually protracted discovery period"). Further, as preclusion of evidence is a "harsh remedy," it "should be imposed only in rare situations." *Izzo v. ING Life Ins. & Annuity Co.*, 235 F.R.D. 177, 186 (E.D.N.Y. 2005) (quoting *Update Art, Inc. v. Modiin Publishing, Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988)).

"The burden to prove substantial justification or harmlessness rests with the party who has failed to disclose information pursuant to Rule 26." *Wright v. Aargo Security Services, Inc.*, No. 99 CIV. 9115, 2001 WL 1035139, at *2 (S.D.N.Y. Sept. 7, 2001) (citations omitted). Plaintiff's only justification for their failure to disclose the witnesses and their WCB testimony is apparently because Defendant disclosed the information, thus they believe they were never obligated to produce the information in question. Nevertheless, even if Plaintiff was not justified in that belief,

7

preclusion is not appropriate because Defendant was not harmed by Plaintiff's actions since Defendant already knew about Fluke and Stafford and their WCB testimony. "A violation of the Rule is harmless when there is no prejudice to the party entitled to the disclosure." *Lesser v. Wildwood*, No. 01 Civ. 4209, 2003 WL 22228757, at *2 (S.D.N.Y. Sept. 29, 2003) (quoting *American Stock Exchange, LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002)) (internal citations and punctuation omitted).

Further, even if Plaintiff was obligated to list Fluke and Stafford as witnesses and their WCB testimony as evidence during the formal discovery period, the Defendant was well aware of these witnesses and the information related to their WCB testimony. There is no evidence of "sandbagging" or any attempt by Plaintiff to impede discovery of Fluke and Stafford or their WCB testimony. Defendant has not attempted to address the question of harm in their moving papers at this stage of the litigation, and neither party indicates they ever tried to locate Fluke and Stafford in the context of this matter. Since Defendant clearly knew of these witnesses and their WCB testimony at the outset of this litigation, Defendant could have investigated the witnesses further. Thus, the Court is not persuaded that Defendant has suffered any hardship as a result of Plaintiff not identifying Fluke and Stafford and their WCB testimony in its Rule 26 disclosures. Moreover, the Court finds no bad faith here warranting the harsh remedy of preclusion.

### C.     Rule 56(c)(2) of the Federal Rules of Civil Procedure

Defendant argues that the WCB testimony of Fluke and Stafford cannot be considered on a summary judgment motion because it cannot be presented in admissible form. (Dkt. No. 34-3 at 3.) Plaintiff counters that the testimony at issue could be reduced to a form admissible at trial and therefore should not be precluded. (Dkt. No. 35-5 at 15.)

8

"A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P 56(c)(2). "'Therefore, only admissible evidence need be considered by the trial court in ruling on a motion for summary judgment.'" *Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 582 F.3d 244, 264 (2d Cir. 2009) (quoting *Raskin v. Wyatt Co.*, 125 F.3d 55, 66 (2d Cir. 1997)). However, on summary judgment, a party need not produce evidence *in a form* that would be admissible at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (emphasis supplied). Thus, FRCP Rule 56(c)(2) focuses on the admissibility of the evidence's content, not its form.

Here, there is no dispute that Fluke and Stafford were witnesses to the underlying accident that gave rise to this indemnification claim and thus have personal knowledge of it. Their WCB testimony is from a prior proceeding where they were under oath. Thus, the testimony could conceivably be reproduced at trial since the two witnesses could testify at a trial of this matter consistently in the same way they testified in the WCB matter. While the two witnesses were apparently unavailable to testify in the underlying personal injury litigation arising from the subject accident, neither party has described any efforts to locate Fluke and Stafford in relation to the present action or why they are unavailable to testify in this action. Thus, FRCP Rule 56(c)(2) does not preclude their WCB testimony from being considered by the Court on a motion for summary judgment.

        **D.**        **Rule 32(a)(8) of the Federal Rules of Civil Procedure**

Defendant contends that use of the WCB testimony in a summary judgment motion should be precluded under FRCP 32(a)(8) because the WCB claim did not involve the same subject matter or the same parties as the present action. (Dkt. No. 34-3 at 6-10.) The Court disagrees.

In general, Rule 32(a)(8) addresses the use of such testimony at a "hearing or trial." Fed. R. Civ. P. 32(a)(1). Nothing in Rule 32(a) precludes consideration of deposition testimony that may otherwise be inadmissible at a hearing or trial in support of or in opposition to a motion for summary judgment. *See, e.g.*, *Lizarra v. Figueroa*, No. 12 Civ. 3119, 2014 WL 1224539, at *4 (S.D.N.Y. Mar. 21, 2014); *Vengurlekar v. HSBC Bank USA*, No. 03 Civ. 243, 2008 WL 373692, at *2, n. 2 (S.D.N.Y. Feb. 8, 2008). Additionally, by its terms, Rule 32 applies to depositions, not hearings such as the testimony from a WCB hearing in this case, and as such it does not preclude the Court from considering the testimony of Fluke and Stafford on a motion for summary judgment.

### E.  Rule 804(b)(1)(B) of the Federal Rules of Evidence

Lastly, Defendant asserts that Rule 804(b)(1)(B) precludes the Court from considering the WCB testimony of Fluke and Stafford on a summary judgment motion because Plaintiff must establish that the witnesses are unavailable and that Defendant had the opportunity and similar motive to develop their testimony in the WCB matter. (Dkt. No. 34-3 at 10-12.) Again, the Court disagrees.

Rule 804(b)(1) of the FRE addresses the admissibility of a deposition transcript where the deponent is subsequently unavailable to testify at trial. The Rule provides for the admission at trial of such testimony only if the party against whom the testimony is offered had an opportunity to cross-examine the witness. Where the opportunity for cross-examination is absent, the testimony must be excluded as inadmissible hearsay. *See, e.g.*, *Complaint of Paducah Towing Co.*, 692 F.2d 412, 418 (6th Cir. 1982); *United States v. Wingate*, 520 F.2d 309, 316 (2d Cir. 1975), *cert. denied*, 423 U.S. 1074 (1976).

On summary judgment, evidence used to raise an issue of fact must be admissible or contain

evidence that will be presented in a form admissible at trial. *Santos v. Murdock*, 243 F.3d 681, 683 (2d Cir. 2001). "[A] court will not entertain inadmissible hearsay unsubstantiated by any other evidence in ruling on a summary judgment motion." *Mattera v. JPMorgan Chase Corp.*, 740 F. Supp. 2d 561, 566 n.2 (S.D.N.Y. 2010) (citing *H. Sand & Co. v. Airtemp Corp.*, 934 F.2d 450, 454-55 (2d Cir. 1991)). However, "material relied on at summary judgment need not be admissible in the form presented to the district court. Rather, so long as the evidence in question 'will be presented in admissible form at trial,' it may be considered at summary judgment." *Smith v. City of New York*, 697 F. App'x 88, 89 (2d Cir. 2017) (quoting *Santos*, 243 F.3d at 683). As noted above, the testimony from the WCB proceeding could conceivably be reproduced at trial since the two witnesses could testify at trial in this action consistently with how they testified in the WCB matter. As such, whether the transcripts of the WCB testimony would be hearsay if offered at trial is not relevant to whether it can be considered on a summary judgment motion.

### III.   CONCLUSION

Based upon the above and after due deliberation and careful consideration of the arguments of counsel, the Court finds that the WCB testimony of Fluke and Stafford may be used by either party in conjunction with a summary judgment motion. The Court makes no determination as to whether the transcripts would be admissible at trial and leaves that determination to the sound discretion of the trial court.

Accordingly, it is hereby,

**ORDERED**, that Defendant's motion to preclude (Dkt. No. 34) the WCB testimony of witnesses Fluke and Stafford from use in a summary judgment motion is **DENIED**; and it is further

**ORDERED**, that pretrial deadlines are reset as follows: all discovery due October 29, 2021; discovery motions due November 12, 2021; dispositive motions due January 28, 2022.

SO ORDERED.

Dated: August 26, 2021
       Syracuse, New York

*/s/ Thérèse Wiley Dancks*
Thérèse Wiley Dancks
United States Magistrate Judge